**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HUGO RODRIGUEZ-LOPEZ,** | ) | |
| **ID # 39599-177,** | ) | |
| **Petitioner,** | ) | |
| vs. | ) | No. 3:10-CV-1196-D (BH) |
| | ) | |
| **MARIA CRUZ, Warden,** | ) | Referred to U.S. Magistrate Judge |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and *Special Order 3-251*, this case has been referred for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Petitioner was incarcerated at the Federal Correctional Institution (FCI) in Seagoville, Texas, at the time he filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on or about June 15, 2010.  On June 16, 2010, the Court issued him a Notice of Deficiency and Order ("NOD") advising that he had not submitted enough information in support of his request to proceed *in forma pauperis* ("IFP") and ordering him to submit a certificate of inmate trust account ("CTA") within thirty days.  That order has been returned with the following notation:  Return to Sender  Refused  Unable to Forward.  According to the publically accessible website for the Bureau of Prisons, petitioner is no longer in FCI Seagoville.  He has not filed any notice of change of address.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link*

*v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has been released from FCI Seagoville, he failed to notify the Court of any change in address, and an order has now been returned as undeliverable. His failure to keep the Court advised of his address suggests that he does not intend to proceed with this action, it should be dismissed without prejudice for failure to prosecute.

### III.  RECOMMENDATION

The Court should dismiss this action without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 1st day of July, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE